UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

HUNTERS GLEN
CONDOMINIUM ASSOCIATION,

    Plaintiff,

vs.

STATE FARM FIRE AND
CASUALTY COMPANY,

    Defendant.

Case No. 3:23-cv-77

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

**ORDER: (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S AMENDED MOTION TO COMPEL AN APPRAISAL AND STAY LITIGATION (Doc. No. 15); (2) REFERRING MANAGEMENT OF ALL APPRAISAL PROCEEDINGS TO THE ASSIGNED MAGISTRATE JUDGE; AND (3) EXTENDING CASE MANAGEMENT DATES AND DEADLINES**

    This case is before the Court on Plaintiff's amended motion to compel an appraisal and stay litigation.[1] Doc. No. 15. Defendant filed a memorandum in opposition (Doc. No. 17), and Plaintiff replied (Doc. No. 18). Thus, this motion is ripe for review.

### I.    Background

    Plaintiff is seeking an appraisal of the property[2] in question because the instant issue is a "dispute [over] the amount of [l]oss." Doc. No. 16 at PageID 323. Plaintiff argues that its property suffered damage from a wind and hail storm that occurred on June 18, 2021. *Id.* Plaintiff made a claim for damages arising from the loss to Defendant, Plaintiff's insurer. *Id.* Defendant

---

[1] The Court previously denied without prejudice Plaintiff's motion to compel an appraisal and stay litigation so the parties could exchange initial discovery disclosures. *See* Doc. No. 19.
[2] Plaintiff describes the property as being "properties generally located at Crescent Ridge Dr., Clayton, Ohio. *See* Doc. No. 16 at PageID 322.

investigated the loss and determined it to be $0.00; Plaintiff's investigator, however, determined it to be $1,097,578.20 in repair costs. *Id.*

Defendant opposes appraisal because, in its view, Plaintiff's property did not suffer a covered loss. Doc. No. 17 at PageID 587. Specifically, Defendant argues that it inspected Plaintiff's property and determined that any damage was the result of ordinary wear, tear, and deterioration, not hail or any other covered type of loss. Doc. No. 16-9 at PageID 576. Accordingly, Defendant does not view this matter as being a dispute over an amount of loss, but rather a dispute over "whether a loss occurred." Doc. No. 17 at PageID 587 (emphasis in the original).

## II. Analysis

### A. Appraisal

The Court agrees with Plaintiff's assertion that appraisal is the appropriate remedy to resolve the factual disputes in this case. The parties' contract contains an appraisal provision that is silent on the issue of causation. It states:

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. Each party will notify the other of the selected appraiser's identity within 20 days after receipt of the written demand for an appraiser. The two appraisers will select an umpire. If the appraisers cannot agree upon an umpire within 15 days, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two [appraisers] will be binding.

Doc. No. 16 at PageID 327 (emphasis in the original).

Although appraisal resolves factual issues of loss, Ohio courts have found that, where appraisal is used to "determine a loss's 'extent' … doing so requires appraisers to separate covered

2

damage from uncovered damage." *Westview Vill. v. State Farm Fire & Cas. Co.*, No. 1:22-CV-0549, 2022 WL 3584263, at *2 (N.D. Ohio Aug. 22, 2022) (citing Ashley Smith, *Property Insurance Appraisal: Is Determining Causation Essential to Evaluating the Amount of Loss*, 2012 J. DISP. RESOL. 591, 605). *See also Stonebridge at Golf Vill. Squares Condo. Ass'n v. Phoenix Ins. Co.*, No. 2:21-CV-4950, 2022 WL 7178548, at *3 (S.D. Ohio Sept. 22, 2022) (finding appraisal appropriate where there was "clearly a disagreement as to what damage, specifically, [a] storm caused").  Further, "where … an appraisal provision is otherwise silent as to how an appraiser should measure the 'extent' of a 'loss,' courts in a variety of jurisdictions—including Ohio—have interpreted the process to 'require[]' (or simply permit) a causation analysis." *Id.* at *2 (citing *Prakash v. Allstate Ins. Co.*, No. 5:20-CV-524, 2021 WL 37698, at **3-4 (N.D. Ohio Jan. 5, 2021)).  Appraisal is the appropriate remedy where the provision in the contract is silent as to resolving issues of causation. Such is the case here.  *See* Doc. No. 16-2.

**B. Staying Litigation/Amending the Preliminary Pretrial Conference Order**

Based on the parties' Rule 26(f) report (Doc. No. 20), the Court issued a preliminary pretrial conference order on August 31, 2023 (Doc. No. 21).  Now, Plaintiff seeks to stay litigation pending the result of the motion to compel appraisal.  Doc. Nos. 15, 16.

Because discovery has begun and a scheduling order has already issued, *see* Doc. No. 21, the Court does not see a need to stay litigation at this time.  Accordingly, the motion to stay litigation will be denied.  The Court will, however, extend the deadlines established in the preliminary pretrial conference order (Doc. No. 21) to allow the parties sufficient time to conduct an appraisal.

The amended case management dates and deadlines in this case are as follows:

3

| | | |
|---|---|---|
| 1. | Pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1), including a medical package (if applicable): | **Completed** |
| 2. | Motions to amend the pleadings or to add parties: | **June 3, 2024** |
| 3. | Motions directed to the pleadings: | **Completed** |
| 4. | Lay witness disclosures: | **July 1, 2024** |
| 5. | Primary expert designations: | **August 26, 2024** |
| 6. | Rebuttal expert designations: | **October 1, 2025** |
| 7. | Discovery cut-off (including the appraisal at issue here): | **November 12, 2024** |
| 8. | Dispositive motions (*i.e.*, summary judgment motions)[3]: | **December 13, 2024** |

### III.  Conclusion

Accordingly, pursuant to the factual dispute regarding both the amount of loss sustained by Plaintiff and the causation of any alleged loss — the existence or non-existence of which will affect whether Defendant incurs repair costs — the amended motion to compel appraisal (Doc. No. 15) is **GRANTED IN PART AND DENIED IN PART**.  The motion is **GRANTED** as to compelling appraisal and **DENIED** as to staying the litigation.  Instead, the deadlines established in the previous order are extended while the parties conduct an appraisal.  Moving forward, the parties shall follow the scheduling order and file motions accordingly.  The Court further **REFERS** management of the appraisal proceedings to United States Magistrate Judge Caroline H. Gentry, and orders the parties to update Judge Gentry on the status of the appraisal **EVERY SIXTY (60) DAYS** following the issuance of this order.

---

[3] Should a trial be necessary, the Court will convene the parties at the appropriate time to schedule final pretrial conference and trial dates.

**IT IS SO ORDERED.**

 May 6, 2024           /s Michael J. Newman
                 Hon. Michael J. Newman
                 United States District Judge